James S. Morsell, Adm'r d. b. n. of Jeremiah M. Baden *vs.* Elizabeth S. Baden, Jeremiah Baden, Joseph Baden, and Negroes Caroline and Solomon.

Deed of Manumission, when in prejudice of Creditors: Principal and Surety: Subrogation.—J. S. M. filed a bill in Equity, to set aside, as in *"prejudice of creditors,"* a deed of manumission executed by J. M. B. on the 16th of January 1833, and to sustain the allegations of the bill offered in evidence a short copy of a judgment rendered against him in May 1848, in favor of W. & J. M., for the amount of a single bill dated January 1st 1834, executed by J. M. B. with J. S. M., as surety, and proved that the single bill was given by J. M. B. for a debt chiefly contracted prior to January 1st 1833; that the judgment was paid by the complainant in 1846; and that J. M. B. at the date of the deed of manumission was *reputed to be* insolvent. Held:

1st. That assuming that J. S. M. could be substituted to the rights behind the judgment or such as existed in W. & J. M. before the judgment was entered,— he could by payment of the judgment acquire only such rights as they possessed as creditors on that obligation.

2nd. That the previously existing debt could not be looked to for the purpose of aiding the surety; for that debt so far as it was possible to be made the subject of a credit, was extinguished by the execution of the single bill, and the claim of the surety must be limited to the liability of his principal on the single bill.

3rd. That the deed of manumission having been executed nearly one year before the date of the single bill, could not, with reference to said single bill be held to *"be in prejudice of creditors."*

4th. That the right to vacate the deed could have been maintained only on proof of the exhaustion of the real and personal estate, and its insufficiency for the payment of the debts.

Appeal from the Equity side of the Circuit Court for Calvert County.

The bill in this case was filed on the 26th of June 1854, by the appellant against the appellees, negroes Caroline and Solomon, and others, to set aside as fraudulent and void as against creditors, a deed of manumission executed by the appellant's intestate, on the 16th of January 1833, manumitting the said negroes. The bill alleges that Jeremiah M. Baden, on the 16th of January 1833, manumitted by deed certain negroes, including the defendants, and died on the 29th of July, 1834, the

manumission to take effect at certain periods specified in said deed; that Baden at the time of the execution of said deed was insolvent and unable to pay his debts; that the complainant relying on the property real and personal of said Baden to re-imburse him in case of any loss, agreed to become the security of said Baden on a claim due by him to William and James Morton, and accordingly did become security for him, to them, for a large amount, on claims contracted before the execution of the said deed; and that the said deed was fraudulent as to the creditors,—all the real and personal estate except the said negroes having been legally sold and applied to the payment of his debts, and proved to be insufficient.

The bill requires the answers to be made on oath, but the answers of the negroes neither admit nor deny any material facts, and put the complainant to the proof of them, and plead *limitations* of *three years* and *twelve years*, and *laches*.

The only proof on the part of the complainant, under the commission issued in the case, except that of the *general reputation* of the insolvency of Baden, at the time of the execution of the deed, is given by William Morton, who proves: that the debt mentioned in Exhibit F. was contracted between 1830 and 1835, chiefly in a general course of dealing in the store of the said William & James Morton, except one item, and that the account was closed every year by a note, and on the 1st of January 1834, the whole was included in a single bill signed by Baden, with Morsell as security, and that the sum of $679.37, included in the last note, was the amount contracted before the 16th of January 1833.

The deed of manumission and certified copies of the judgment and single bill, were filed with the bill; but neither the *original* single bill by which it is alleged Morsell became security, nor any of the other notes or accounts referred to, were filed or proved.

Morsell, Adm'r of Baden *vs.* Negro Caroline et al.

The negro defendants filed exceptions to the testimony returned, and the relief sought by the bill.

The Court below, (BREWER, J.,) on the 9th of May 1859, passed a decree dismissing the bill with costs, and the complainant appealed.

The cause was argued before BOWIE, C. J., and BARTOL, and COCHRAN, J.

*Wm. H. Tuck* and *A. B. Hagner*, for the appellant.

1st. As to the proof of the claim:

It is clearly proved that on the 16th of January 1833, Baden owed Morton $679.37; that on the 1st of January 1834, he owed him $858.46, for which amount Baden then gave his single bill, with Morsell as surety; that a judgment for this very amount was recovered by Morton at May term 1843, against Morsell, as surviving obligor of Baden, upon a cause of action, a certified copy of which is filed under the seal of the clerk. The judgment has concluded the inquiry as to the execution of the single bill, even were it in controversy. But if its execution was to be disputed, it could only be done under a plea of *non est factum*, and none is filed in this cause. But the complainant is the administrator *de bonis non* of Baden, and his admission of the execution of the bond is conclusive against his intestate.

2nd. As to the proof of Baden's insolvency at the date of the deed: Insolvency of a party at a particular time may be proved by evidence of general reputation, and public rumor or general notoriety of the fact. 1 *Greenlf. Ev.*, sec. 101. *Crawford vs. Berry*, 6 *G. & J.*, 63. The testimony of all the witnesses examined tends to the proof of such general notoriety. The admissions of Baden to Duke and Dorsey, are conclusive of the point. An insolvent is one who has not property enough to pay all his debts. *Cornish vs. Wilson*, 6 *Gill*, 326 But the

50 v. 22.

complainant, the administrator *de bonis non*, admits the insolvency at the time, and this is conclusive, if other proof were wanting.

3rd. Is the claim barred by limitations? The plea was never interposed by Mitchell, the administrator of Baden, or by Dowell, the administrator of Mitchell, and the administrator *de bonis non*, expressly admits the justice of the claim. The negroes have no right to interpose the plea. *Semmes vs. Young*, 10 *Md. Rep.*, 246. *Bowling vs. Lamar*, 1 *Gill*, 358. *Reigart vs. Reigart.*

4th. That the papers returned by the commissioners are admissible in evidence, see *Cornish vs. Wilson*, 6 *Gill*, 299, which is decisive against the defendants' 7th exception.

5th. The law governing this case is laid down in *Allein vs. Sharp*, 7 *G. & J.*, 96, and in *Cornish vs. Wilson*, 6 *Gill*, 320. In *Allein vs. Sharp*, it was proved that the defendant was a creditor of the manumittor at the time the deed took effect, though not at the date of the deed; and in the equity proceeding which was commenced subsequently in conformity with the suggestion of the Court of Appeals, the negroes here decreed to be sold. *Hutton vs. Hutton*, 4 *Md. Ch. Dec.*, 537. The present proceeding is precisely similar in form, and we think the evidence justifies the granting of the relief asked for in the bill.

*A. Randall* and *N. Brewer*, for the appellees.

1st. The deed of manumission is unquestionably good against the grantor and all persons claiming under him, and also against all the creditors of the grantor, unless it be made in prejudice of creditors having claims against him at the date of its execution. Act of 1796, ch. 67, sec. 29. *Allein vs. Sharp*, 7 *G. & J.*, 96 and 105, and 4 *Md. Ch. Dec.*, 537, 539. *Cornish vs. Wilson*, 6 *Gill*, 311, 320, 326.

2nd. That the claim of the appellants was not properly proved as a claim. The claim itself was excepted to and also the evidence by which it was sought to sustain it. The copy of the judgment was not properly authenticated and proved, full proof being required. The secondary evidence by which the claim was sought to be established, was wholly inadmissible, no proper foundation having been laid for its admission. The single bill filed was not the original but a copy, and in fact none of the original evidences of the alleged indebtedness are produced, and no sufficient cause assigned for their non-production, and for the introduction of the copies.

3rd. The claim was barred by the statute of limitations. Under this point we maintain:

1. The statute was in form well pleaded. It is pleaded in the answer in the several forms given in *Alexander Ch. Pr.*, which are taken verbatim from that work, and incorporated in the answer. *Dorsey vs. Dorsey*, 6 *G. & J.*, 12. *Hurtle vs. McDonald*, 2 *Md. Ch. Dec.*, 128, and 3 *Md. Rep.*, 66. *Lansdale vs. Ghequere*, 4 *H. & J.*, 259. *Boyd vs. Harris*, 2 *Md. Ch. Dec.*, 210. *Dugan vs. Gittings*, 3 *Gill*, 138.

2. The negroes could and did properly plead the statute. The bill called on them for an answer under oath; they answered under oath, or which is the same thing, the answer is admitted as if sworn to, and in that answer they pleaded the statute of limitations; they state under oath, a *fact*, viz: that the claim did not accrue within three years, nor within twelve years. By calling for an answer under oath, the complainant waived any disability under which the negroes may have been as to their right to avail themselves of this defence. Under this state of the case, the answer should have been contradicted by two witnesses, or one witness and pregnant circumstances.

3. If the statute be well pleaded, the appellant is

Morsell, Adm'r of Baden *vs.* Negro Caroline et al.

barred by limitations in whatever position he assumes. If he claims by substitution, his claim accrues as of May term 1846, of Calvert County Court, when, he says he paid the judgment, which was just thirteen years before his bill was filed. If he claims as of the date of the judgment, sixteen years had elapsed between the accruing of the claim and the filing of the bill. If he claims as of the date of the single bill, there is a period of twenty years intervening between the accruing of the claim and the filing of the bill.

. 4. Assuming that a proper claim had been proved by the appellant, and that technically it was not barred by the statute of limitations, the *laches* of the complainant in prosecuting his claim is a complete bar to the relief sought. He has certainly neglected to prosecute the claim for at least thirteen, and it may be said for twenty years. See, in addition to the cases before cited under the third point, *Syndall vs. Campbell*, 7 *Gill*, 70. *Hanson vs. Worthington*, 12 *Md. Rep.*, 420. *Kemp et al. vs. Cook et al.*, 18 *Md. Rep.*, 139. *Hepburn's Case*, 3 *Bl. Ch. R.*, 95. *Hutchins vs. Hope*, 7 *Gill*, 120. *White vs. White*, 1 *Md. Ch. Dec.*, 53. *Chew vs. Farmers Bank of Md.*, 2 *Md. Ch. Dec.*, 231.

5. If the claim of the appellant was properly proved as a claim, and was not barred by the statute of limitations, yet *this claimant* has no such claim, nor is it a claim against the deceased at the date of the deed of manumission.

COCHRAN, J., delivered the opinion of this Court.

It is scarcely necessary to say, that under the existing Constitution, the particular relief sought by this bill cannot now be granted. When the bill was filed, a sale of the negroes, Caroline and Solomon, might have been decreed, upon the presentation of a proper case, but as they have been declared free by the organic law of the

State, the claim of the appellant, that they should be sold for the purpose of paying the debt alleged to be due to him from the estate of his intestate, can no longer be maintained. In view, however, of the question of costs, we think it proper to express in brief, our opinion of the case, as it stood upon the law when it was argued; and for that purpose, it will be sufficient to determine whether the deed, manumitting the negroes, Caroline and Solomon, was executed in prejudice of any then existing right of the appellant, as creditor of his intestate, the party executing the deed. The appellant, to prove his claim, offered in evidence a short copy of a judgment rendered against him, in favor of James and William Morton, for the amount of a single bill, dated the 1st of January 1834, executed by Jeremiah M. Baden, with the appellant as surety. It also appears from the testimony of William Morton, that the single bill was given by Baden for the aggregate amount of a debt, a large portion of which was contracted prior to the 1st of January 1833, and that the judgment, above mentioned, was paid by the appellant in 1846. This claim is the only one supported by evidence, although the bill was filed on behalf of such other creditors as should come in and contribute to the costs of the suit. The appellee alleges, that upon the payment of the above mentioned judgment, he was entitled to be substituted to the previous rights of the Mortons, as creditors of Baden, and that the deed of manumission was in prejudice of those rights, and therefore void.

It is evident from this statement of the case, that the appellant, even if substituted to the rights of the Mortons, as they existed before judgment, would not be entitled to claim as a creditor prejudically affected by the deed. The debts, due from Baden to the Mortons previous to the 1st of January 1834, were merged in the single bill; and if it be assumed, that the appellant could

be substituted to rights behind the judgment, or such as existed in the Mortons before the judgment was entered, it seems quite clear that he could acquire only such as they possessed as creditors on that obligation. The previously existing debt, could not be looked to for the purpose of aiding the surety, for that debt, so far as it was possible to be the subject of a credit, was extinguished by the execution of the single bill, and it therefore follows, that the appellant, as surety, in claiming to be a creditor of his principal, by substitution to the rights of the obligees, must limit his claim to the liability of his principal on the single bill. In this view, which is the most favorable one that can be taken for the appellant, it is plain that the deed of manumission was not executed to his prejudice, for he was not then a creditor. In the case of *Allein and Sharp,* 7 *G. & J.,* 96, and in *Cornish and Wilson,* 6 *Gill,* 320, the provision contained in the Act of 1796, ch. 67, sec. 29, that such a deed should not *"be in prejudice of creditors,"* was construed to mean, creditors at the time of executing the deed.

Here, the most that the appellant can claim is the right of a creditor on a single bill, executed nearly a year after the execution of the deed which he seeks to have vacated. It is proper to observe further, that while the bill goes for the general relief of the creditors of Baden's estate, there is nothing to show the actual fact, that any one of them was prejudiced by the deed manumitting these negroes, although that may have been the real state of case; but we cannot assume that it was so, in the absence of the full proof to which the appellant was put by the answer of the appellees. We also find from the record, that a considerable sum of money, belonging to the estate of Baden, passed into the hands of the appellant as his administrator, the distribution of which does not appear; and on that ground, the proceedings in this case would seem to have been premature. The right to vacate.

the deed, could have been maintained only on proof of the exhaustion of the real and personal estate, and its insufficiency for the payment of the debts. We affirm the decree, dismissing the bill, with costs to the appellees.

(Decided November 25th 1864.)