EVAN COOK ET AL. *v.* B. T. LIGON ET AL.

1. CHANCERY.  *Pleading.   Parties.   Administrator.*
   A bill in chancery, by heirs seeking to enforce a judgment on a bill
   single purchased with a claim due them, is not demurrable because
   the administrator of their ancestor is not a party, although it fails
   to allege that the claim did not descend to them from his estate.

2. SAME.  *Assignee in bankruptcy of trustee.*
   Nor is the assignee in bankruptcy of the trustee, who held the bill single
   for them, and in whose name alone is the judgment, a necessary party
   to such a bill.

3. FRAUDULENT CONVEYANCE.   *Creditor who may attack.   Lien.*
   No change in the ownership or form of a debt affects the right to attack
   a fraudulent conveyance by the debtor; and the equitable owners of
   a bill single, repeatedly assigned, which was executed by the debtor,
   after the fraudulent conveyance, to close an account which he previ-
   ously owed, may maintain a bill in chancery to subject the land con-
   veyed to a judgment in the name of their trustee on the bill single.

4. SAME.  *Husband and wife.   Code 1871, § 1778, construed.*
   The proviso to § 1778 Code 1871, avoiding the husband's deed to his
   wife as against his prior creditors, like the Statute of Frauds pro-
   tects the debt without regard to who may be its holder.

APPEAL from the Chancery Court of Hinds County.

Hon. E. G. PEYTON, Chancellor.

This is a bill in chancery by B. T. Ligon and the heirs of
Oliver Barrett, against the heirs and devisees of Mary J. Cook
and her husband Evan Cook, as an individual and as executor
of her will, to subject certain land conveyed by Evan Cook to
his wife, on April 13, 1866, in fraud of existing creditors.
The complainants' claim was originally an account for mer-
chandise contracted by Evan Cook with George Fearn & Co.,
in 1860, which, on Dec. 14, 1867, was, at the instance of
Fearn & Co., changed into Evan Cook's sealed note for $557.47.
Afterwards, Fearn & Co. went through bankruptcy, and were
discharged.    Having surrendered this bill single, they then
bought it from the assignee, F. S. Hunt, who indorsed it in
blank.    Fearn & Co. then assigned the bill single to the heirs
of Oliver Barrett in payment of a debt which they owed said
heirs, delivering it to O. P. Wright, trustee for the heirs.

B. T. Ligon, who, on marrying one of the Barrett heirs, took Wright's place as trustee, sued on the bill single in his own name, May 30, 1874, recovered judgment against Evan Cook for $1,000, Jan. 20, 1876, and himself then went into bankruptcy. Then, after *nulla bona* returns under the judgment, this bill was filed. The defendants' demurrer, upon the grounds that the administrator of Oliver Barrett and the assignee in bankruptcy of B. T. Ligon should have been parties, and that the Barrett heirs were not such creditors as could complain of the fraudulent conveyance, was overruled, and they appealed.

*T. J. Wharton*, for the appellants, made an oral argument.

*T. J. & F. A. R. Wharton* on the same side.

Only creditors existing at the date of the conveyance can attack it for fraud. 31 Miss. 658; 34 Miss. 708; 42 Miss. 749; 46 Miss. 346; 49 Miss. 518; 50 Miss. 381; *Prestidge* v. *Cooper*, *ante*, 74. The complainants were not existing creditors within § 1778 Code 1871. The purchasers of the bill single, who took it after the conveyance to Mrs. Cook was on record, are subsequent, not prior, creditors. They parted with no consideration on the faith of the land, but took the bill for an old debt, with notice that Cook was not owner of the plantation. The account was extinguished and paid by the bill single. Bump on Fraudulent Conveyances, 490. The bill became a new debt, and the holder of it a subsequent creditor. *Morsell* v. *Baden*, 22 Md. 391. Especially is this true when the bill single has been transferred, and is being enforced by a third party. *Wren* v. *Hoffman*, 41 Miss. 620; 2 Bailey (S. C.), 574; 8 Johns. 389; 3 Bac. Abr. 99, Debt, c. The proviso of the statute, Code 1871, § 1778, is, that such deeds shall be void as to *creditors* who were such at the time the deed was made, not as to existing *debts*.

*M. Green*, on the same side, argued the case orally, and filed a brief making the following points : —

1. The heirs of Oliver Barrett had no title to the bill single. The administrator, who alone could sue, was a necessary party.

2. The judgment on which the suit was founded being in the individual name of B. T. Ligon, his assignee in bankruptcy was a necessary party. Story Eq. Pl. § 349 and note. The

State court has power to administer the bankrupt's estate only where there is a specific lien ; and then only so far as the lien is concerned. *Winters* v. *Claitor, ante,* 341.

3. The Barrett heirs not being the judgment creditors, nor the representatives nor assignees of the judgment creditor, no lien exists in their favor, Code 1871, § 830 ; and they are without an estate in the land, of such nature as would enable them to maintain this bill. *Fleming* v. *Grafton, ante,* 79 ; 14 Eng. Ch. 415.

4. The parties complainant were not creditors existing at the time of the conveyance. By the execution of the bill single the former debt was extinguished. 2 Bailey (S. C.), 360 ; 3 Bac. Abr. Debt, c ; 3 Exch. 631 ; 70 Eng. C. L. 560 ; Freeman on Judgments, § 215 ; *Morsell* v. *Baden,* 22 Md. 396 ; *Eigleberger* v. *Libler,* 1 Hill (S. C.) Ch. 116. The assignment of the bill was payment of the account for which it was given. *Wren* v. *Hoffman,* 41 Miss. 616 ; 2 Bush (Ky.), 74 ; 27 Ala. 258 ; 3 How. (U. S.) 510 ; Story on Promissory Notes, § 405.

*James Shelton,* for the appellees, argued the case orally.

*Shelton & Shelton,* on the same side.

1. The administrator of Oliver Barrett was not a necessary party. The heirs bought the bill single with a debt due from George Fearn & Co. to them.

2. Nor was the assignee in bankruptcy of Ligon a necessary party. Property held by the bankrupt in trust does not pass to the assignee. U. S. Rev. Stats. § 5053 ; 53 Miss. 130.

3. The execution of a bill single, the consideration of which is a debt due by account, does not extinguish the debt without an agreement to that effect. *Cansler* v. *Sallis, ante,* 446 ; 53 Miss. 248 ; *Howell* v. *Bush, ante,* 437; 43 Miss. 553 ; 41 Miss. 727 ; 1 Hill Ch. 304 ; 3 Watts & Serg. 277 ; 27 Mo. 272 ; 25 Iowa, 348 ; 11 Grattan, 567 ; 6 Ala. 508 ; Bump on Fraudulent Conveyances, 327 ; 7 How. (U. S.) 228 ; 27 Ala. 258 ; 25 Wend. 658 ; *Price* v. *Moulton,* 70 Eng. C. L. 560.

4. The assignee of a debt can attack a fraudulent conveyance made by the debtor previous to the assignment. Code 1871, § 2893 ; Code 1857, p. 358 ; 52 Maine, 348 ; 41 Miss. 728 ; 30 Mo. 266 ; 25 Wend. 658 ; 32 Barb. 296 ; 15 Barb. 31 ; 15 Johns. 251.

5. These complainants have such a lien as enables them to attack for fraud the conveyance by Cook to his wife. 1 Perry on Trusts, §§ 17, 328; 2 Perry on Trusts, § 520; Hill on Trustees, 316; 12 Ill. 172; 33 Miss. 665; 10 Pick. 168; 34 Penn. St. 226; Freeman on Judgments, 173, 176; 16 Mass. 72; 21 Mo. 230.

CAMPBELL, J., delivered the opinion of the court.

The objections to the bill for want of proper parties are not maintainable.

The Statute of Frauds makes every fraudulent conveyance void as against creditors, and all persons claiming under them, as " heirs, successors, executors, administrators or *assigns*." Any one holding the demand of a creditor defrauded by a conveyance, no matter when the right of the holder accrued, may assert against the conveyance all the rights of him who held such claim when the fraudulent conveyance was made. No argument can make the statute plainer, and no multiplication of adjudged cases can add to its force. The object of the statute is to save the demands existing against the fraudulent grantor; and it is immaterial who holds one, or when he acquired it. As assignee he stands in the place of the creditor, and is substituted to all his rights as against fraudulent conveyances by the debtor. It is " *debts* " contracted after such fraudulent act which are excepted by § 2894 Code 1871. Debts contracted before are within it. No change in the ownership or the form of the debt affects the right incident to the debt to attack a conveyance fraudulent as to it. Even a purchaser of property fraudulently conveyed, under execution of a judgment against the grantor, rendered upon a demand existing at the time of such conveyance, may assert against it all the rights of the former creditor, because such purchaser is an assignee of the rights of the creditor. The fact that the demand which existed when the conveyance was made is merged in the judgment does not preclude an inquiry into the question, *when the debt existed,* so as to show that it existed at the time of the conveyance. So long as the debt is not extinguished as a valid demand against the debtor, no change in the evidence of its existence affects the right of

its holder to pursue property fraudulently conveyed as against it. Authorities abound in support of these remarks. No case has been produced which countenances, even remotely, the idea that the assignee of a claim, no matter when he became such, may not by virtue of it assert all the rights of a former holder as against a fraudulent conveyance, and it is believed that none such can be found. The case of *Morsell* v. *Baden*, 22 Md. 391, relied on as holding the contrary, has no relation to the question. It announces that a surety on a bill single, given for a pre-existing debt by simple contract, cannot complain of a fraud against the creditor committed prior to the execution of the bill single, whereby he became surety. The principle being that the claim of a surety against his principal is referred to the date of the execution of the obligation out of which his rights arise. No such question is involved here, and we are not called on to estimate the value of the case cited as an authority for the announcement it contains. A contrary principle was held by this court in *Lipsey* v. *West*, MS. Op., several years ago.

The views announced dispose of the point made on the proviso to § 1778 of the Code. It, like the Statute of Frauds, looks to the *debt* which is to be paid, and not to the *hand* which may happen to hold it.

*Decree affirmed, defendants to answer in sixty days.*